Leon STEVENS *v.* STATE of Arkansas

CR 77-91                                     555 S.W. 2d 229

Opinion delivered September 19, 1977
(Division I)

*Robert C. Marquette,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert A. Newcomb,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant Leon Stevens pled guilty to burglary and grand larceny, whereupon the trial court sentenced him to eleven years on each charge with the sentences to run concurrently.

Subsequently appellant filed a motion for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. The trial judge, after reviewing the record, denied the motion without a hearing. From the denial of the motion without a hearing appellant brings this appeal.

Rules of Crim. Proc., Rule 37.3 (a) (1976) provides:

If the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files or records that are relied upon to sustain the court's findings.

The court found no merit in the petition and made written findings as required by Rule 37.3 (a).

The post-conviction petition essentially alleges that appellant's plea of guilty was not voluntarily or knowingly

made, that he was deceived by a plea bargain arrangement and that he was denied effective assistance of counsel.

Appellant claims the two concurrent eleven-year sentences affected the sentence from which he was on parole. The record does not disclose how the old sentence was allegedly affected. However, prior to accepting the pleas of guilty the trial judge, with appellant's appointed attorney present, made the following statement:

> But this will be an eleven year sentence. And I do not know what effect that this parole thing might or might not have upon your sentence. I don't want it to be longer than that, but I don't really know what effect it will have on you. I want you to understand that. Do you understand what effect the sentence of this nature will have?

Appellant replied, "Well, yes, sir, from previous experience of being down there."

The record further reflects that the commitment to the Arkansas Department of Correction issued by the trial court provides "that this eleven (11) year sentence be concurrent with and not in addition to the revoked parole time the defendant has to serve on the revocation of the defendant's parole on a sentence from the Sebastian Circuit Court."

There is no showing of deception here since the trial judge imposed the concurrent eleven-year sentences as expected and frankly advised appellant he did not know how appellant's parole would be affected by these sentences. The exclusive jurisdiction of custody, control, supervision, etc. of all persons in the penitentiary is vested with the Arkansas Department of Correction. Ark. Stat. Ann. § 46-103 (Supp. 1975) and *Charles* v. *State*, 256 Ark. 690, 510 S.W. 2d 68 (1974). The trial court could not intervene in the administration of prison affairs.

Prior to accepting appellant's pleas of guilty, the trial judge informed him of the charges, the specific acts involved, the range of possible sentences, the right to jury trial and the right to counsel without charge if he could not afford one, if

he desired a trial. He also was informed of the specific sentences the court would impose.

The trial court asked appellant if anyone was forcing him to plead guilty, and appellant answered "no." We find that the record here establishes the trial court properly accepted appellant's guilty pleas. Consequently no error is found in denial of an evidentiary hearing under these circumstances.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.