Emzie L. ELLIOTT *v.* STATE of Arkansas

CR 80-28                                                          597 S.W. 2d 76
Supreme Court of Arkansas
Opinion delivered April 21, 1980

Appellant, *pro se.*

*Steve Clark,* Atty. Gen., by: *Mary Davies Scott,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. On August 10, 1979, the trial court entered its order, supported by written findings of fact and conclusions of law, denying appellant's motion for post conviction relief pursuant to Rule 37, Arkansas Rules of Criminal Procedure. The court rejected appellant's request that the Department of Correction be forced to credit him with good time from the date of his arrest up to the time of the hearing on the motion. On appeal appellant contends it was error for the court to refuse to order the Department of Correction to credit him with good time from the date of his arrest. We agree with the action taken by the trial court.

The facts reveal that appellant was arrested in Jackson, Michigan, on an Arkansas Fugitive warrant, on August 19, 1976. He was being held on an uttering and publishing charge by the state of Michigan at that time. On September 17, 1976, he entered a plea of guilty to the Michigan charges

and was extradited to Arkansas on March 24, 1977. On June 1, 1977, he pled guilty to the Arkansas charge of aggravated robbery and was sentenced to 20 years in the Department of Correction.

On June 22, 1978, the trial court entered an order giving the appellant credit for time served commencing on the date of his arrest, August 19, 1976, and extending through the date of the hearing. On June 23, 1978, appellant was incarcerated in the Arkansas Department of Correction and filed his Rule 37 Petition on July 25, 1979. The petition was denied, without a hearing, on August 10, 1979.

Ark. Stat. Ann. § 41-904 (Repl. 1977) states:

> If a defendant is held in custody for conduct that results in a sentence to imprisonment, the court shall credit the time spent in custody against the sentence.

It appears to us the court was very generous in allowing the appellant credit for all of the time after he was first arrested on the Arkansas warrant, because it could have been argued that at least a portion of his custody in Michigan was not attributable to the Arkansas charge but was based on the separate Michigan sentence. Certainly, nothing in the denial of the Rule 37 Petition was prejudicial regarding the credit for time spent in custody. He was given credit for every day of confinement after his arrest.

The other statute involved, Ark. Stat. Ann. § 46-120 (Repl. 1977), concerns meritorious good time allowance. The statute states:

> From the effective date (April 2, 1971) of this Act (§§ 46-120 — 46-120.5), an inmate may be entitled to a reduction, to be known as "Meritorious Good Time" from his maximum term and/or parole eligibility date of up to thirty (30) days for each month served in one (1) of the institutions maintained by the Department of Correction.

This statute is directed to the Department of Correction

which has the authority to carry out the provisions of this statute.

Ark. Stat. Ann. § 46-120.1 (Repl. 1977) provides:

"Meritorious Good Time" shall be awarded under rules and regulations promulgated by the Board, approved by the Governor, and administered by the Commissioner, subject to the provisions of this Act (§§ 46-120 — 46-120.5), for good discipline, good behavior, work practices and job responsibilities within the institution. . . .

Upon reading these statutes, it is obvious the Department of Correction, not the trial courts, has the responsibility to credit the good time. In the case of *Stevens* v. *State,* 262 Ark. 216, 555 S.W. 2d 229 (1977), we dealt with a situation very similar to the present case where we held that the exclusive jurisdiction of custody, control, and supervision of all persons in the penitentiary is vested with the Arkansas Department of Correction. The slight changes in the law relating to this subject do not substantially affect the results in this case. Therefore, the trial court had no authority, under the circumstances presented here, to take any action concerning the "meritorious good time."

If the Department of Correction is not following the law, the appellant may have a cause of action against them; but, there are no grounds for considering it in the present case.

Affirmed.