328

Ricky JONES *v.* STATE of Arkansas

CR 80-86                           605 S.W. 2d 7

Supreme Court of Arkansas
Opinion delivered September 22, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Ray Hartenstein*, Chief Deputy Defender, Little Rock, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., Little Rock, for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of Breaking or Entering in violation of Ark. Stat. Ann. § 41-2003 (Repl. 1977) and Theft of Property with a value less than

$100, a violation of Ark. Stat. Ann. § 41-2203 (2) (c) (Repl. 1977). The jury also found he had been convicted of two or more prior felonies. He was sentenced to 30 days on the misdemeanor of Theft of Property and five years for Breaking or Entering. The court further entered a notation on the judgment that he was not to be considered for parole.

The only point argued on appeal is that appellant was improperly sentenced as an habitual offender and was denied eligibility for parole.

Only the pleadings, instructions, verdict, sentencing and proceedings by the court are questioned; therefore, the facts of the case wil not otherwise be included in this opinion.

On August 21, 1979, an information was filed charging appellant with Breaking or Entering and misdemeanor Theft of Property. An amended information was filed on September 7, 1979, in which appellant was charged as an habitual offender pursuant to Ark. Stat. Ann. § 41-1001 (Repl. 1977). The amended information listed three prior alleged felony convictions.

At the bifurcated trial appellant was found guilty of Theft of Property and Breaking or Entering. The jury also found he had been convicted of two or more prior felonies. His punishment was assessed at 30 days on the misdemeanor theft and five years on breaking or entering.

During the sentencing phase of the trial, the state entered the three prior convictions without objection. Two of the convictions were obviously felony convictions, and the third was a judgment in the circuit court on a guilty plea for which he was sentenced to one year in the Department of Correction for the crime of theft. The judgment failed to state that the conviction was a felony. However, the judgment did show on its face the appellant was represented by counsel and was sentenced to the Department of Correction for the period of one year.

Appellant argues there is no proof that the disputed judgment was a felony. As previously stated, it was a circuit

court judgment and the sentence was one year in the Department of Correction. We take judicial notice of the fact that a sentence to the Department of Correction is only ordered in felony cases. The defense attorney in the trial of the present case was the attorney on all three of the prior convictions. He had knowledge of the three alleged felonies that the state intended to prove from the date of the amended information. He made no objection to their introduction, and he did not take advantage of the opportunity to challenge or rebut the state's contention that all three were felony convictions. It is too late to raise the question on appeal. *Garner* v. *Holland*, 264 Ark. 536, 572 S.W. 2d 589 (1978). Regardless, he was only found to have been convicted of two or more prior felonies; thus, no prejudice resulted to appellant even if the disputed judgment had been a misdemeanor.

The maximum sentence for Breaking or Entering is five years because it is a class D felony. Had he been sentenced as an habitual offender, pursuant to Ark. Stat. Ann. § 41-1001, he could have received up to seven years, considering the fact that the jury found he had been convicted of two prior felonies. We cannot say from the sentence he received that he was even convicted as an habitual offender.

The court gave credit for jail time and allowed the sentences to run concurrently; however, a provision was added to the judgment that appellant would not be eligible for parole.

Ark. Stat. Ann. §§ 43-2801 thru 2834 (Repl. 1977) are for the use of the Department of Correction in determining parole eligibility. The court has no authority to determine the manner in which the Board of Pardons and Paroles exercises their prerogative under Acts 1968 (1st Ex. Sess.), No. 50. See *Stevens* v. *State*, 262 Ark. 216, 555 S.W. 2d 229 (1977); and *Elliott* v. *State*, 268 Ark. 454, 597 S.W. 2d 76 (1980).

Therefore, the case is remanded for the purpose of correcting the sentence by deleting the reference to appellant's eligibility for parole. Otherwise, the case is affirmed.

Affirmed as modified.