Stanley WELLS *v.* STATE of Arkansas

CR 82-156                                    648 S.W.2d 466

Supreme Court of Arkansas
Opinion delivered April 4, 1983

*Claude S. Hawkins, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant's motion pursuant to A.R.Cr.P. Rule 37 was denied by the Circuit Court of Howard County without a hearing. On appeal it is contended that the trial court erred in failing to vacate or modify the sentence. We agree with the lower court's decision.

On September 18, 1981, the appellant entered a plea of guilty to burglary and theft of property and second degree escape. He received a sentence of seven years on burglary and theft of property plus a two year sentence for second degree escape; the sentences to run consecutively. His timely motion pursuant to Rule 37 was denied at the trial level without a hearing.

After commencing his sentence the appellant learned that he was subject to the provisions of Act 93 of 1977, codified in Ark. Stat. Ann. §§ 43-2828 et seq. (Repl. 1977), which required him to serve two-thirds of his sentence because he had had two prior convictions.

Appellant's Rule 37 petition was a claim of ineffective assistance of counsel due to the fact that he was not informed, prior to his plea, that he would be subject to the provisions of Act 93 in serving his sentence. A careful review of the record indicates that the acceptance of appellant's

guilty plea by the trial court was genuinely fair and complete in all details. There was no showing by the court or anyone else that appellant would be subject to the provisions of Act 93 while serving his sentence in the Arkansas Department of Correction. Judge Castleman thoroughly explained the minimum and maximum sentence, the right to a trial by a jury, and every other matter necessary prior to accepting a guilty plea. We held in *Westbrook* v. *State,* 265 Ark. 736, 580 S.W.2d 702 (1979), that it was prejudicial error for the trial judge to comment to the jury concerning the power of the governor to pardon. We faced almost exactly this same question in the case of *Houff* v. *State,* 268 Ark. 19, 593 S.W.2d 39 (1980). In fact, the trial court in *Houff* was aware that Act 93 of 1977 had become effective but was not sure how it would affect the time to be served on the sentence. We affirmed the trial court's denial of Houff's Rule 37 petition. The problem of how much time an inmate must serve before becoming eligible for parole was considered in the case of *Bosnick* v. *State,* 275 Ark. 52, 627 S.W.2d 23 (1982). We held that the manner in which a sentence is being executed is not a proper matter to be considered in a petition for postconviction relief and that the department of correction was the proper authority for determining parole eligibility. We have also held that the trial court has no authority to determine the manner in which the board of pardons and paroles exercises its prerogative for parole eligibility. *Jones* v. *State,* 270 Ark. 328, 605 S.W.2d 7 (1980). In *Stevens* v. *State,* 262 Ark. 216, 555 S.W.2d 229 (1977), we considered a Rule 37 petition for relief when the trial court had denied the petition without a hearing. At the sentencing phase the appellant was told he was sentenced to eleven years and that the court did not know what effect parole policy might have upon the length of time to be served. We affirmed the action by the trial court.

The appellant received the sentence he bargained for. There was no duty upon the court or anyone else to inform the appellant that his sentence might be affected by the provisions of Act 93 of 1977. Any attempt by the court or the defense counsel or the state's attorney to inform the defendant of his exact parole eligibility date could have resulted in error of a prejudicial nature. Certainly the defense counsel

should inform his client about the possibility of parole if he has knowledge of such. However, to require the court or its officers to explain parole eligibility to a defendant would be to encourage the judiciary to encroach upon the executive department of government. Therefore, we find that the court did not err in denying appellant's motion pursuant to Rule 37 without a hearing.

Affirmed.