James HOWELL *v.* Gene BULLOCK and Verla Beth Bullock

88-234                                              764 S.W.2d 422

Supreme Court of Arkansas
Opinion delivered February 6, 1989
[Rehearing denied March 13, 1989.]

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles*, for appellant.

*Walters Law Firm, P.A.*, by: *Bill Walters*, for appellee.

JOHN I. PURTLE, Justice. The appellees were awarded a jury verdict in the amount of $38,460.00 on their complaint against the appellant for negligence in failing to procure the correct insurance coverage. The complaint alleged that the insurance agent failed to obtain the coverage requested on the appellee Gene Bullock's motorcycle. For their appeal the appellants argue

that there was no substantial evidence to support the jury's verdict, and that the trial court erroneously instructed the jury on the issues and damages. Finding no substantial evidence to support the jury's verdict, we must agree with the appellant's first point and reverse and dismiss this case.

Gene Bullock confronted his former insurance agent with a coverage question when his policy came up for renewal. Upon being told that there was no liability coverage for passengers on the motorcycle, he decided to change agents. He then contacted the appellant, an agent for Shelter Insurance Company, and attempted to buy coverage "for my wife or anybody else that would be riding behind me." When the agent checked with a supervising office, he found that he could write a policy with a provision for "guest passenger liability insurance." Gene Bullock specifically rejected medical pay coverage. He consistently requested "coverage on anybody riding on his motorcycle with him." He purchased a liability policy in the amount of $100,000/300,000 for bodily injury and $25,000 for property damage. For an additional premium of $66.00 he was issued a policy containing liability coverage for passengers on the motorcycle. The insurance policy was issued on March 15, 1982. It provided coverage for a 1982 Honda motorcycle.

Gene Bullock was driving the motorcycle on April 17, 1983, when it went off the road, or at least onto the shoulder, and turned on its side, injuring his wife Beth Bullock, who was riding behind her husband as a passenger. Upon presentment of a claim, the insurance company denied it for lack of coverage. The appellees insisted they had liability coverage for her injuries. The insurance company subsequently offered them medical pay coverage. However, this was unsatisfactory, and suit was filed against the insurance company and the agent.

The insurance company was granted summary judgment, which decision was upheld by the Court of Appeals pursuant to Arkansas Rules of Civil Procedure Rule 54(b). The appellees did not proceed further against the insurance company, and the case went to trial against the agent only.

Testimony at the trial was somewhat conflicting. It seems clear, however, that Gene Bullock sought coverage for his wife or any other passenger and rejected medpay in favor of "guest

passenger coverage." It was the appellees' contention throughout the course of events and at trial that Gene Bullock specifically requested coverage for anyone injured while a passenger on his motorcycle. His strongest testimony was that, after the negotiations were completed and telephone calls to the insurance company's home office were made, the appellant had stated: "Anybody back there is covered. If you do bodily damage to anyone on that motorcycle they are covered." The agent testified that all he ever told the appellee was that "anyone riding on the motorcycle would be covered under guest passenger liability, which is for liability when the driver of the vehicle was at fault."

■ Apparently the appellees wanted coverage which would apply to any passenger injured on the motorcycle, regardless of fault and without limits. This type of coverage was not offered by either Shelter or any other insurance company. Obviously the appellees either did not read or did not understand the policy issued to them. Otherwise, they would have brought the matter to the attention of the company or the agent from whom they purchased the policy. Moreover, the appellees filled out an application for exactly the type of policy which was issued. Additionally, Gene Bullock admitted he never examined the policy. It is the duty of a policyholder to educate himself concerning matters of insurance coverage. *Stokes* v. *Harrell*, 289 Ark. 179, 711 S.W.2d 755 (1986).

■ According to its express terms, the policy issued to appellees was a liability policy. Liability was not established at the trial below; therefore, it was not determined whether there was any liability coverage extending to the passenger's damages in this case. In the absence of any substantial evidence that this loss would have been covered under any type of liability policy without proof of fault, there was no issue to be presented to the jury.

Reversed and dismissed.