Bobby Lynn UPTON  *v.* STATE of Arkansas

CA CR 99-396                                      4 S.W.3d 510

Court of Appeals of Arkansas
Division II
Opinion delivered November 17, 1999

*Val P. Price*, for appellant.

*Mark Pryor*, Att'y Gen., by:  *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

Sam Bird, Judge. Appellant Bobby Lynn Upton was charged with battery in the second degree, resisting arrest, disorderly conduct, and public intoxication. A jury acquitted Upton of the second-degree battery charge and found him guilty of the misdemeanor charges of resisting arrest, disorderly conduct, and public intoxication. The jury recommended that he pay fines on the disorderly conduct, public intoxication, and resisting-arrest charges and also that he serve 105 days in the county jail on the charge of resisting arrest. The trial court accepted the jury's sentencing recommendations, but, upon request of the State, added to its judg-

ment and commitment order a provision that appellant would serve his jail time "flat," without credit for meritorious good time.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, the appellant's counsel has filed a motion to withdraw on the grounds that this appeal is without merit.

Counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, together with a list of objections made by the appellant and ruled on by the court, a record of all motions and requests made by the appellant and denied by the court, and a statement of the reasons why counsel considers there to be nothing in the record that will support the appeal. The clerk of this court furnished the appellant with a copy of his counsel's brief and notified him of his right to file a pro se brief. The appellant has filed a brief to which the State has responded.

In his brief, counsel for appellant has set out eight adverse rulings, contending none of them have merit. In his pro se brief, appellant refers to two adverse rulings that he contends are erroneous. We agree with appellant that one of the adverse rulings was in error, and we modify the judgment and commitment order accordingly.

Appellant first argues that the court erred in giving the jury instruction Arkansas Model Jury Instruction 2nd—Criminal 605.1, which states that voluntary intoxication is not a defense. *See also Standridge v. State*, 329 Ark. 473, 951 S.W.2d 299 (1997). He argues that since he did not assert that voluntary intoxication was a defense, he was prejudiced by this instruction. When an objection to this instruction was made by counsel at trial, and overruled by the court, the following dialogue occurred:

> THE COURT: I'm going to go ahead and give it for this reason. That we have a question here about the defendant had been drinking and that the officer gave a public intoxication charge here. If this is not given, then the truth about whether or not he did this purposely and intentionally, that most certainly raises the question and introduces in a person's mind whether that defendant was at least very intoxicated. I think that's very reasonable. The fact that he knowingly did this if he was intoxicated. And for that

reason, I'm going to give it so that they won't be confused on whether or not they can use the intoxication as a reason for. That will be the finding at this point.

APPELLANT'S COUNSEL: All right. And Judge, with that, we have no objection to giving that instruction.

■ By withdrawing his objection to the jury instruction, the appellant waived his argument that he was prejudiced by the instruction. When an objection is withdrawn, it is as if the objection was never made. *Greene v. State*, 317 Ark. 350, 878 S.W.2d 384 (1994).

Secondly, appellant argues that the court erred by denying him the opportunity to receive credit on his jail sentence for meritorious good time. As already noted, the jury recommended that Upton receive 105 days in jail for the resisting-arrest conviction. During discussions that preceded the court's imposition of sentence, the State requested that the court order that the appellant serve the full 105 days "flat," without any credit for "good time." Appellant's counsel responded that appellant should be permitted to receive the two-for-one good-time credit. The court opined that to allow credit for meritorious time would be to reduce the jury's sentence, which he could not do. The court, therefore sentenced appellant to serve 105 days in the county jail, "flat (no 2 for 1 work credit)."

We agree with appellant's argument in his pro se brief that the trial court did not have the authority to deny him meritorious good time. Arkansas Code Annotated section 12-41-101 (Repl. 1995), provides, in part, that:

(a) ... an inmate committed by any court in Arkansas to a county jail ... in the State of Arkansas may be entitled to a reduction, to be known as "meritorious good time," from his maximum term up to ten (10) days for each month served....

(b) Meritorious good time shall be awarded under the rules and regulations promulgated by the county sheriff ... and approved by the county quorum court.... It shall be administared by the county sheriff ... subject to the provisions of this subchapter, for good discipline, good behavior, work practices, and job responsibility within the county ... jail.

■ It is clear from the language of the foregoing statute that the authority to grant or deny meritorious good time to a county

inmate belongs to the sheriff of the county to whose jail an inmate is committed, not to the judge ordering the commitment. *Cf. Elliot v. State*, 268 Ark. 454, 597 S.W.2d 76 (1980). Therefore, we modify the trial court's judgment and commitment order by deleting from it the provision requiring appellant to serve the 105 days "flat," without good-time credit.

From our review of the record and the briefs presented, we find that none of the other rulings adverse to appellant has merit. Therefore, because the court erred in ordering that the appellant was not eligible for meritorious good time, we modify that part of the judgment and commitment order. Counsel's motion to be relieved is granted, and the judgment of conviction is affirmed as modified.

Affirmed as modified.

GRIFFEN and CRABTREE, JJ., agree.