Larry Cecil MARTIN *v.* EQUITABLE LIFE
ASSURANCE SOCIETY of the United States

00-1051                                    40 S.W.3d 733

Supreme Court of Arkansas
Opinion delivered March 15, 2001

*Streetman & Meeks,* by: *Thomas S. Streetman,* for appellant.

*Huckaby Scott & Dukes, P.C.,* by: *James C. Huckabay, Jr., Carter H. Dukes,* and *M. Brent Yarborough,* for appellee.

J IM HANNAH, Justice. Larry Cecil Martin filed a petition for declaratory judgment in Ashley County Chancery Court for a declaratory judgment that the life insurance policy he purchased in 1984 contained the same benefits the insurance agent promised him in 1984. The trial court granted a motion to dismiss under Ark. R. Civ. P. 12(b)(6) finding that the five-year statute of limitations in Ark. Code Ann. § 16-56-111 (Supp. 1999) was applicable. Martin alleges the trial court erred in applying a statute of limitations to an Ark. R. Civ. P. 12(b)(6) motion to dismiss. We hold the trial court did not commit error and affirm.

*Facts*

In October of 1984, Martin discussed and purchased life insurance through Dan Pevy, agent for The Equitable Life Assurance Society of the United States ("Equitable"). Martin alleges representations were made in 1984 by Pevy that he was purchasing whole-life insurance that would appreciate in value and provide coverage to age sixty-five. Martin further alleges the application made no mention of the insurance being term insurance rather than whole life, and that he was told the insurance policy would have a cash surrender value of $24,126.00 when he turned age sixty-five. The policy-information page of the life-insurance policy that Martin received stated the policy was term-life insurance and that it would terminate in October 1994. Over the years, Martin paid the premiums. He renewed the policy and continued to pay premiums into 1999.

However, in August 1999, Martin received notice his insurance would terminate on October 31, 1999. Martin asserts it was only then that he realized he had been misled. He asserts the misrepresentations were material and that he relied upon them to his detriment, and asked for a declaratory judgment that Equitable is obligated to provide insurance coverage to him on the terms represented by Pevy. Martin filed for declaratory judgment while the policy was still in effect.

Martin finally asserts he is of an age and in a condition of health that makes it impossible to now obtain the insurance he thought he was buying in 1984. Martin seeks a declaratory judgment that Equitable is obligated to provide the insurance that was represented to him by Pevy in 1984. He also seeks other relief not relevant here.

The trial court granted a motion to dismiss under Ark. R. Civ. P. 12(b)(6) finding that the five-year statute of limitations in Ark. Code Ann. § 16-56-111 was applicable.

### Standard of Review

■ In reviewing the trial court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Grine v. Board of Trustees*, 338 Ark. 791, 2 S.W.3d 54 (1999). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.* However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.*

### Declaratory Judgment

Declaratory judgment was unknown in the common law. It first became available in Arkansas by Act 274 of 1953, which conferred authority on the courts to hear declaratory-relief actions. *Travelers Indemnity v. Olive's Sport. Goods*, 297 Ark. 516, 764 S.W.2d 596 (1989). Prior to that time, courts were not authorized to render declaratory judgments. *Christy v. Speer*, 210 Ark. 756, 197 S.W.2d 466 (1946).

■ While declaratory judgment is typically used to determine the obligations of the insurer under a policy of insurance, *National Security Fire & Casualty Company v. Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992); *U.S.F. & G. v. Downs*, 230 Ark. 77, 320 S.W.2d 765 (1959), that is not what is sought here. Martin does not seek a declaration of what rights he may have under the policy, but rather seeks to have the policy reformed to conform to representations made to him. Reformation of contract is available where there has

been a mistake of one party accompanied by fraud or other inequitable conduct of the other party, and that is sought by an action seeking reformation, not by a proceeding for declaratory judgment. *See Continental Cas. Co. v. Didier*, 301 Ark. 159, 783 S.W.2d 29 (1990); *Jeffers v. American Pioneer Life Ins. Co.*, 256 Ark. 332, 507 S.W.2d 713 (1974).

■ A declaratory judgment declares rights, status, and other legal relationships whether or not further relief is or could be claimed. Ark. Code Ann. § 16-111-103(a) (1997). The proceeding is intended to supplement rather than supercede ordinary causes of action. *City Of Cabot v. Morgan*, 228 Ark. 1084, 312 S.W.2d 333 (1958). Declaratory-judgment procedure is not a proper means of trying a case. *Boyett v. Boyett*, 269 Ark. 36, 598 S.W.2d 86 (1980); *see also, Flashner Med. Partnership v. Marketing Mgt.*, 189 Ill. App. 3d 45, 545 N.E.2d 177, (1989); *Martinez v. Corpus Christi Area Teacher's Credit Union*, 758 S.W.2d 946 (Tex. App. 1988). A declaratory-relief action is not a substitute for an ordinary cause of action. Rather it is dependent on and not available in the absence of a justiciable controversy. *Donovan v. Priest*, 326 Ark. 353, 931 S.W.2d 119 (1996).

Here, Martin does not seek a declaration of his rights under the terms of the contract of insurance. The prayer in his petition makes no reference whatever to the terms of the existing policy, but rather seeks only reformation of the policy to provide the benefits he alleges he was promised. In essence, he seeks a declaratory judgment that a misrepresentation of the insurance contract terms was made in 1984 and that as a consequence of that misrepresentation, he is entitled to have the contract of insurance reformed to conform with the representations made to him at that time. Martin's action, whether founded in either tort or contract, may not be decided by a declaratory judgment.

■ Even though Martin erred in using the declaratory-judgment procedures, his case will still be reviewed. The declaratory-judgment statutes give courts of record the power to declare rights, status, and other legal relations within their respective jurisdictions. *Travelers Indemnity v. Olive's Sporting Goods*, 297 Ark. 516, 764 S.W.2d 596 (1989). The statutes do not confer subject-matter jurisdiction. *Bryant v. Picado*, 338 Ark. 227, 996 S.W.2d 17 (1999); *U.H.S. v. Charter Hospital*, 297 Ark. 8, 759 S.W.2d 204 (1988). Thus, declaratory judgment is procedural, not jurisdictional. Although Martin erred in pleading this case as seeking declaratory judgment, the trial court treated this matter as if it were a motion to

dismiss under Ark. R. Civ. P.12(b)(6) in an ordinary case, and it will be reviewed here on that basis.

### Statute of Limitations

■ Martin argues the chancery court erred in finding the five-year statute of limitations applied to commencement of a proceeding for declaratory judgment under Ark. R. Civ. P 57 and Ark. Code Ann. §§ 16-111-101—16-111-111 (1987). A review of the chancellor's order and decision does not reveal such a finding. Rather, it appears the chancellor simply considered the facts alleged by Martin and found five years to be the longest possible limitations period that would be applicable under either a tort or contract cause of action Martin might pursue. Martin has mistaken declaratory judgment for a cause of action. Statutes of limitation control when a cause of action may be pursued. *McEntire v. Malloy*, 288 Ark. 582, 707 S.W.2d 773 (1986).

■■ Martin's petition is couched in terms of misrepresentations, and it appears his complaint is primarily that the policy he purchased was misrepresented to him by Pevy in 1984. To determine the cause of action, we look to the facts alleged in the complaint to ascertain the area of the law in which they sound. *Sturgis v. Skokos*, 335 Ark. 41, 977 S.W.2d 217 (1998). Misrepresentation is an element of fraud and the three-year statute of limitations set out in Ark. Code Ann. § 16-56-105 (1987) applies. *Hampton v. Taylor*, 318 Ark. 771, 887 S.W.2d 535 (1994). Even if a contract action were stated, the limitations period is five years under Ark. Code Ann. § 16-56-111. In either case, Martin's causes of action accrued in 1984, long beyond either statute unless they were tolled.

### Motion to Dismiss

The trial court granted a motion to dismiss under Ark. R. Civ. P. 12(b)(6) finding that the five-year statute of limitations in Ark. Code Ann. § 16-56-111 was applicable. Martin argues that statutes of limitations can not be raised or considered by the court on a Rule 12(b)(6) motion to dismiss. Martin is mistaken. Ark. R. Civ. P. 12(b)(6) states as follows:

> Rule 12. *Defenses and objections* — When and how presented — By pleading or motion — Motion for judgment on the pleadings.

\* \* \*

(b) *How Presented.* Every defense, in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion: ... (6) failure to state facts upon which relief can be granted,

■ This court reversed a jury verdict in holding that a motion to dismiss based upon a statute of limitations should have been granted. *Dunlap v. McCarty*, 284 Ark. 5, 678 S.W.2d 361 (1984). In order to prevail on a motion to dismiss the complaint on the basis of limitations, it must be barred on its face. *Id.*

The subject policy was purchased in 1984, and Equitable argues the passage of so many years means both the five-year contract and the three-year tort statutes of limitations have long since passed. Conversely, Martin alleges he was not aware he did not receive the policy he believed he purchased until he received notice of its cancellation in 1999. He alleges only then did he realize the policy was not what he thought and that misrepresentation in 1984 tolled the statute of limitations.

Martin attached the insurance policy to the petition. At page three of the insurance policy, it shows it was issued on October 12, 1984. On this same page is provided:

PLAN OF INSURANCE:    TERM INSURANCE
COVERAGE PERIOD:      ENDS ON October 2, 1994

■ The insurance policy may be considered by the trial court on a motion to dismiss in this case. This policy reflecting a contract of insurance is a written instrument, and Ark. R. Civ. P. 10(c) provides that a copy of a written instrument which is an exhibit to a pleading is a part thereof for all purposes. *Arkansas Appliance Dist. Co. v. Tandy Electronics, Inc.* 292 Ark. 482, 730 S.W.2d 899 (1987). Thus, the policy may be considered in a motion to dismiss as if it were part of the complaint, or in this case, the petition. The petition shows that in October 1984, Martin had the policy in his possession, and therein he was plainly told he had purchased term insurance that would terminate in 1994. It is the duty of a policy holder to educate himself concerning matters of insurance coverage. *Howell v. Bullock*, 297 Ark. 552, 764 S.W.2d 422 (1989); *Stokes v. Harrell*, 289 Ark. 179, 711 S.W.2d 755 (1986). In

*Howell,* the court noted the policy holder had never examined the policy. Any cause of action would have accrued in 1984 at the latest.

■ Martin's petition does not allege any concealment or anything that would toll the statute of limitations. The trial court held that "when considering the Plaintiff's petition on its face, including attachments, the Court finds any cause of action would have arisen on the date of the policy." The trial court is correct. On the face of the petition, it is shown that the statute of limitations bars the action, whether it is based in tort or contract.

Affirmed.