Karen R. Baker, Justice, concurring. I agree that the circuit court did not err in dismissing Duit’s declaratory judgment action in this case. Duit sought a declaratory judgment that the state’s method of deciding contract claims against the state of Arkansas violated the fourteenth amendment to the United States Constitution because the body deciding the claims is not impartial and unbiased. Specifically, Duit made a facial attack to the statutory scheme, arguing that the process before the ASCC and General Assembly denied Duit due process. In addition, Duit claimed that, as applied, the statutory scheme violated the equal protection clause of the fourteenth amendment because out-of-state contractors were treated differently than in-state contractors. See Duit I. However, Duit’s due process claim contains only general allegations of bias and prejudice by ASCC and the General Assembly due to conflicts of interest resulting from budget considerations. General claims of bias are not sufficient to establish a constitutional violation. See Martin v. Equitable Life Assur. Soc. of the United States, 344 Ark. 177, 180, 40 S.W.3d 733, 736 (2001) (“Our rules require fact pleading ... not mere conclusions.”); Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co., 353 Ark. 201, 212-13, 114 S.W.3d 189, 196 (2003) (“[0]ur rules require fact Impleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief.Ark. R. Civ. P. 8(a). We look to- the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. Country Corner Food & Drug, Inc. v. First State Bank & Trust Co., 332 Ark. 645, 966 S.W.2d 894 (1998).”); see also David Newbern, John Watkins, & D.P. Marshall, Civil Practice & Procedure §§ 11:5-7 (5th ed. 2010). Further, Duit specifically abandoned its equal protection claim on appeal. Thus, I would affirm the circuit court’s order dismissing Duit’s declaratory judgment action.' Accordingly, I concur.