Cite as 2022 Ark. App. 66

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-21-182

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** February 9, 2022 |
| DONALD BLACK | | |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-19-302] |
| V. | | |
| | | HONORABLE GRISHAM PHILLIPS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED AS MODIFIED |

## LARRY D. VAUGHT, Judge

Donald Black appeals the sentencing order entered by the Saline County Circuit Court on September 10, 2020, revoking his probation, convicting him of third-degree domestic battery, and sentencing him to serve six months in jail "to be served straight" with an additional six months suspended. On appeal, Black argues that the circuit court erred in ordering him to serve straight jail time without the opportunity to earn meritorious good-time credit. The State concedes error. We affirm the sentencing order as modified.

On April 6, 2019, Black was charged with terroristic threatening, a Class D felony, and third-degree domestic battery, a Class A misdemeanor. On July 23, Black pled guilty to the domestic-battery charge,[1] and he was ordered to serve twelve months' probation and to pay a $500 fine. As part of his guilty plea, Black signed conditions of probation. On January 7, 2020,

---

[1]The terroristic-threatening charge was nolle prossed.

the State filed a petition to revoke Black's probation alleging that he had violated several conditions of his probation.[2]

A revocation hearing was held on September 4, during which seven witnesses, including Black, testified. At the conclusion of the evidence, the circuit court orally found that Black had violated the conditions of his probation and sentenced him to serve twelve months in jail with six months suspended. In response to the court's sentence, Black asked, "Is that six months flat or will I get the two for one credit on that?" The circuit court answered, "Six months straight time, sir." Black's counsel asked the court: "Doesn't the jail determine whether they get that two for one credit or not?" The court responded: "Well I sometimes leave that to the discretion of the sheriff, but not always, so in this particular instance I'm not leaving it to the discretion of the sheriff." Black's counsel objected, arguing that the court's refusal to allow the sheriff to have the discretion to give credit for good behavior violated the separation-of-powers doctrine. The court overruled the objection. In its sentencing order, the court sentenced Black "to six months in the county Jail (to be served straight) with an additional six months suspended . . . ."

On appeal, Black does not challenge the sufficiency of the evidence supporting the order revoking his probation. Rather, he contends that the circuit court erred in ordering him to serve six months in jail "straight."

This appeal requires us to interpret Arkansas Code Annotated section 12-41-101. We review issues involving statutory construction de novo, as it is for this court to decide the meaning of a statute. *Smith v. State*, 2020 Ark. 410, at 5. Significantly, penal statutes are to be

---

[2]The State amended the petition twice to allege additional violations.

strictly construed with all doubts resolved in favor of the defendant. *Id.* Strict construction means narrow construction and requires that nothing be taken as intended that is not clearly expressed. *Id.* However, even a penal statute must not be construed so strictly as to defeat the obvious intent of the legislature. *Id.*

Section 12-41-101 provides:

(a) An inmate committed by any court in Arkansas to a county jail or city jail in the State of Arkansas may be entitled to a reduction, to be known as "meritorious good time", from his or her maximum term of his or her sentence to be served in the county jail or city jail.

(b)(1) Meritorious good time shall be awarded under the rules and regulations promulgated by the county sheriff or chief of police and approved by the county quorum court of the various counties or the city legislative body of the various cities.

(2) Meritorious good time shall be administered by the county sheriff or chief of police, subject to this subchapter, for good discipline, good behavior, work practices, and job responsibilities within the county jail or city jail.

Ark. Code Ann. § 12-41-101(a), (b) (Repl. 2016).

In *Upton v. State*, 68 Ark. App. 84, 4 S.W.3d 510 (1999), a jury found the appellant guilty of three misdemeanor charges and recommended that he pay fines on all three charges and serve 105 days in the county jail on one of the charges. The circuit court accepted the jury's sentencing recommendations but added the provision that the appellant serve his jail time "flat," without credit for meritorious good time. *Id.* at 84–85, 4 S.W.3d at 511.

The appellant's counsel filed a no-merit appeal, and one of the appellant's pro se points on appeal was that the circuit court erred by denying him the opportunity to receive credit on his jail sentence for meritorious good time. *Id.* at 86, 4 S.W.3d at 512. This court, citing section 12-41-101, held that the circuit court did not have the authority to deny the appellant meritorious good time: "It is clear from the language of the foregoing statute that the authority

to grant or deny meritorious good time to a county inmate belongs to the sheriff of the county to whose jail an inmate is committed, not to the judge ordering the commitment." *Id.* at 86–87, 4 S.W.3d at 512. After concluding that there was no merit to an appeal of appellant's case, this court granted appellant's counsel's motion to withdraw and affirmed the judgment and commitment order with the modification that the requirement that the appellant serve the 105 days "flat," without good-time credit, be deleted. *Id.* at 87, 4 S.W.3d at 512.

In light of the holding in *Upton*, we conclude that the statutory authority to administer meritorious good time to inmates committed to a county jail lies with the county sheriff and not the circuit court. Therefore, the circuit court erred in ordering Black to serve six months in jail "straight"—without the opportunity to earn meritorious good-time credit. We affirm the sentencing order with the modification that the provision requiring that Black's sentence of incarceration "be served straight" be deleted.

Affirmed as modified.

GRUBER and MURPHY, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III* and *Vicram Rajgiri*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.