APPLEGATE *v.* RIGGALL.

5-1717                                    318 S. W. 2d 596

Opinion delivered December 15, 1958.

*Shaw, Jones & Shaw, Crouch, Jones & Blair,* for appellant.

*James R. Hale, Pearson & Pearson,* for appellee.

CARLETON HARRIS, Chief Justice. On November 20, 1957, Pauline O. Holt instituted suit in the Washington Circuit Court against appellant, Dr. Stanley Applegate. The complaint alleged that about March 10, 1956, Mrs. Holt became ill and sought the advice and services of Dr. Applegate; that she was informed by appellant that it was necessary that she undergo immediate surgery for removal of a tumor from her left ovary; that without her consent, the doctor removed her uterus, and performed upon her a total hysterectomy; that Applegate negligently cut, or otherwise destroyed, the normal function of her left ureter, creating a condition that prevented urine from escaping from plaintiff's left kidney, but causing said urine to collect therein and causing the

kidney to become enlarged and infected; that she underwent excruciating pain and suffering from March 20, 1956, until May 2, 1956, on which date it became necessary that the kidney be removed.[1]  Further:

## "VI

That as the proximate result of the negligent acts or omissions by the defendant Stanley Applegate, it was necessary that the plaintiff be confined in a hospital and under the care of physicians and surgeons for a total of one hundred and fifty days, during which period of time the plaintiff suffered severe and intense pain, suffering, and mental anguish, and for which hospital and medical care, and the drugs and medicines necessitated thereby, the plaintiff was required to, and did, expend large sums of money.

\*    \*    \*

## "VIII

\*    \*    \*    the plaintiff states that it became and was necessary that her left kidney be removed as aforesaid, in order to prevent the flow and passage of her urine from said kidney into her vagina as hereinabove set out, and the leakage therefrom, and that on or about the 2nd day of May, 1956, said kidney was removed by further surgical operation, and the loss of said kidney caused the plaintiff great injury and damage, all of which injury and damage was the proximate result of the negligent acts and/or omissions on the part of the defendant as set out herein.

## "IX

That said acts and omissions, acting singly and together, caused and brought about and were the proximate cause of all of the aforesaid injuries and damages suffered by the plaintiff, all of which total the sum of one hundred thousand dollars ($100,000)."

---

[1] This second operation was performed by Dr. Frank Riggall, appellee herein.

The complaint prayed judgment against appellant in that amount.

Applegate answered, with a pleading termed, "Answer and Third Party Complaint," denying the material allegations, and stating:

"* * * that if in fact the plaintiff sustained any damages as alleged in the complaint that the same are not the result of any negligence on the part of this defendant."

He then alleged that Dr. Frank Riggall, a physician and surgeon at Prairie Grove,

"* * * carelessly and negligently represented to the plaintiff that her condition following surgery was such that it was necessary that her left kidney be removed, and acting upon said negligent representation, did, on or about May 2, 1956, remove the left kidney of the plaintiff; that the said action on the part of the cross-defendant was wholly unwarranted and that any damage, if any, suffered by the plaintiff was the proximate result thereof. That the negligence of the cross-defendant consisted of carelessly and negligently diagnosing the condition of the plaintiff as requiring the removal of the left kidney; and in carelessly and negligently advising the plaintiff to submit to said operation; and in carelessly and negligently performing the said operation without cause therefor; that the damage alleged in the complaint was the direct and proximate result of the negligence of the cross-defendant, for which this defendant and cross-complainant is not responsible. * * *"

Subsequently, Dr. Riggall demurred to the third party complaint, which demurrer was sustained by the court. From the action of the court in sustaining the demurrer and dismissing the third party complaint, comes this appeal.

Let it first be said that it is not necessary that the parties act in concert in order to be liable as joint tortfeasors, and appellee concedes this to be the general

rule. See *Giem* v. *Williams*, 215 Ark. 705, 222 S. W. 2d 800. The sole question to be determined is simply whether Dr. Riggall is a proper party defendant in this action. Appellee argues that the two doctors cannot be held to be joint tortfeasors, because any alleged injuries received from either by plaintiff, were separate and distinct injuries; that under the law, tortfeasors, acting independently, are jointly liable to a plaintiff, and liable to each other in contribution, *only* when the independent acts of each, cause or contribute to the *same* injury obtained by a plaintiff. We consider the latter assertion to be a correct statement of the law, but even so, we do not agree that Applegate is precluded from filing his third party complaint. While it is true that a part of plaintiff's complaint deals with alleged injuries occurring before Dr. Riggall entered the picture, nonetheless, it is apparent from reading the portions of the complaint heretofore quoted, that a substantial part of the damage complained of was allegedly caused by the loss of the kidney. In other words, the suit is based upon *all* the injuries received by plaintiff, and suffering occasioned thereby. Dr. Applegate is being sued *because of the removal of the kidney,* and pain resulting, as well as for suffering occasioned by the earlier operation performed by him; and according to his third party complaint, *the removal of the kidney was unnecessary.* While Dr. Applegate denied any liability whatsoever, his alternative prayer was:

"* * * that if the plaintiff should recover on her complaint against this defendant, that this defendant and cross-complainant have judgment over against the third party defendant, and for all other proper relief."

Arkansas Statutes, Section 34-1007, provides:

"Before answering, a defendant seeking contribution in a tort action may move *ex parte* or, after answering, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be*

*liable as a joint tortfeasor to him or to the plaintiff for all or part of the plaintiff's claim against him.[2]*
* * * *"

By Arkansas Statutes, Section 34-1001, the term joint tortfeasors is defined to mean, "two or more persons jointly or severally liable in tort for the same injury to person or property." Therefore, it would appear that the pivotal phrase in Arkansas Statutes, Section 34-1007 (italicized above), means: ". . . who is or may be liable jointly or severally to him or to the plaintiff for all or part of the plaintiff's claim against him." Of course, if plaintiff has no cause of action against Riggall, the latter could not be liable as a joint tortfeasor, but clearly, if appellant's third party complaint be taken as true (as admitted by the demurrer)[3], it would appear that a cause of action was stated against Dr. Riggall as a third party defendant.

The judgment of the court sustaining the demurrer and dismissing the third party complaint is reversed, and the cause is remanded with directions to overrule the demurrer and to reinstate the third party complaint.

---

[2] Emphasis supplied.
[3] For the purpose only of determining the sufficiency of the pleadings.