Robert PHILLIPS *v.*
UNION PACIFIC RAILROAD COMPANY

CA 04-602                                          201 S.W.3d 439

Court of Appeals of Arkansas
Opinion delivered January 26, 2005

224

The *Stanley Law Firm, P.A.,* by: *James W. Stanley, Jr.,* for appellant.

*Friday, Eldredge & Clark, LLP,* by: *William H. Sutton, Michael S. Moore,* and *Tonia P. Jones,* for appellee.

LARRY D. VAUGHT, Judge. Appellant Robert Phillips appeals the trial court's decision that the five-year statute of limitations for written contracts barred his breach of contract action against Union Pacific Railroad. He contends on appeal that his complaint was timely filed because the statute of limitations was tolled by partial payment or, alternatively, that the statute of limitations applied by the trial court in this case was not applicable because of the implication of a federal statute. We disagree, and we affirm the judgment.

In 1989, Phillips settled a Federal Employers' Liability Act (FELA) claim with appellee's predecessor, Missouri Pacific Railroad (hereinafter both Union Pacific Railroad and Missouri Pacific Railroad are collectively referred to as "Railroad"). Pursuant to the settlement agreement, the Railroad agreed to apportion settlement funds in the amount of $9000 to Phillips's account with the Federal Railroad Retirement Board (RRB), which would entitle Phillips to additional service credits allowing him to qualify for disability annuity. It was Phillips's understanding that the credits were to be submitted by February 1990.

In 1990, Phillips attempted to apply for a disability annuity, but was informed that he did not have the requisite number of credits. Phillips testified that he worked with a Railroad representative during that time to achieve satisfaction of the agreement and receive his credits, however, the credits were not applied until July 2000. The RRB subsequently found Phillips disabled as of May 16, 2000, and awarded him an annuity.

Phillips challenged the RRB's decision, claiming that he had been disabled since 1989 and that the annuity should have been awarded retroactively because the Railroad had failed to timely report the credits. The RRB denied his appeal on September 25, 2001, based partly on Phillips's indication that he had last worked on May 15, 2000, and on social security records indicating he had been gainfully employed for several years in the late 1990s.

On June 20, 2002, Phillips filed a breach of contract action against the Railroad, alleging that its failure to report the proper number of service credits until 2000 caused him to lose ten years of disability benefits, which he believed should have been due in 1990. After a bench trial, the court found that Phillips's claim was barred by the Arkansas five-year statute of limitations with regard to written contracts. Phillips filed a timely notice of appeal.

We do not reverse a judgment entered by a circuit court after a bench trial unless we determine that the court erred as a matter of law or we decide that its findings are clearly against the preponderance of the evidence. *Vereen v. Hargrove*, 80 Ark. App. 385, 96 S.W.3d 762 (2003). Arkansas Code Annotated section 16-56-111(b) (Supp. 2003) provides that "actions on writings under seal shall be commenced within five (5) years after the cause of action shall accrue, and not afterward." In routine contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action. *Zufari v. Architecture Plus*, 323 Ark. 411, 914 S.W.2d 756 (1996). The test for determining when a breach of contract action accrues is the point when the plaintiff could have first maintained the action to a successful conclusion. *Dupree v. Twin City Bank*, 300 Ark. 188, 777 S.W.2d 856 (1989).

On his first point, Phillips contends that when the Railroad submitted his additional credits in July of 2000, this established "partial payment," therefore tolling the applicable statute of limitations. He relies on our holding that a voluntary payment by the debtor tolls the statute of limitations. *See Helms v. Univ. of Mo., Kansas City*, 65 Ark. App. 155, 986 S.W.2d 419 (1999); *Rogers v. Univ. Servs.*, 4 Ark. App. 264, 629 S.W.2d 319 (1982); *see also* Ark. Code Ann. § 16-56-111(b). However, both *Helms* and *Rogers* involved money owed to a creditor, not the failure to perform an obligation. Here, the Railroad's obligation to Phillips was to apportion a certain amount of the settlement funds to the RRB that would then entitle Phillips to additional service

credits so he could then take disability benefits. This was a performance-based obligation, not an amount of money it owed to Phillips. Phillips's cause of action accrued at the point when he could have first maintained his action — when the Railroad failed to apportion the funds to the RRB in 1990. Therefore, when he brought his action in June 2002, the trial court correctly decided that the case was barred by the five-year statutory limitations period.

Second, Phillips argues that the state statute of limitations for written contracts should not apply to this action because it is grounded in a federal statute. He maintains that 20 C.F.R. 209.15(d) requires the Railroad to file a report with the RRB regarding compensation paid and that it mandates an ongoing obligation, once a settlement takes place, to pay that portion of the settlement to the RRB. Phillips cites *United States v. Warren Brown & Sons Farms*, 868 F. Supp. 1129 (E.D. Ark. 1994), to support this proposition. *Warren Brown & Sons Farms*, however, concerns a foreclosure suit. Its holding with regard to statute of limitations is that when Congress has not delineated a specific statute of limitations for a federal law, the United States cannot be bound by any state statute of limitations. In the present case, however, the United States is not a party. Rather, this case involves a contract between two private parties. Although 20 C.F.R. 209.15(d) may establish an obligation on behalf of the Railroad to the RRB, the Railroad's obligation to Phillips was contractual, and therefore falls under the state statutory limitations period.

Because Phillips's cause of action began to accrue at the time the Railroad failed to provide funds to the RRB in 1990, and Phillips did not file his action for breach of contract until June 2002, we conclude that the trial court did not err in finding that Phillips's complaint was filed outside the five-year statute of limitations period for written contracts.

Affirmed.

GRIFFEN and CRABTREE, JJ., agree.