2013 Ark. 38

ST. VINCENT INFIRMARY MEDICAL CENTER and Catholic Health Initiatives, Appellants

v.

Edgar SHELTON and Clara Shelton, Appellees.

No. 12–283.

Supreme Court of Arkansas.

Feb. 7, 2013.

Rehearing Denied March 14, 2013.

Munson, Rowlett, Moore and Boone, P.A., by: Timothy L. Boone, Sarah E. Greenwood, Little Rock, and Beverly A. Rowlett, for appellants.

Law Office of Thomas G. Buchanan, by: Thomas G. Buchanan and Susan E. Burgess, Little Rock; Davidson Law Firm, by: Scott Davidson, Jonesboro; and Brian G. Brooks, Attorney at Law, PLLC, by: Brian G. Brooks, for appellees.

CLIFF HOOFMAN, Justice.

Appellants, St. Vincent Infirmary Medical Center and Catholic Health Initiatives ("St. Vincent"),[1] bring this interlocutory appeal from the circuit court's order granting appellees', Edgar and Clara Shelton's, motion to strike appellants' third-party complaint against GGNSC North Little Rock LLC d/b/a Golden LivingCenter–North Little Rock ("Golden Living").[2] On appeal, appellants argue that the circuit court erred in striking the third-party complaint and in failing to allow an assessment of fault of Golden Living, who had been dismissed from the action after settling with appellees. Our jurisdiction is pursuant to Ark. R.App. P.-Civ. (2)(a)(4) (2012). We affirm the circuit court's order.

On September 1, 2010, appellees filed a complaint against St. Vincent and Golden Living, alleging negligence and medical malpractice, as well as violations of the Arkansas Long Term Care Resident's Rights Statute. According to the allegations in the complaint, Edgar Shelton developed four pressure sores while a patient at St. Vincent from August 20 to September 17, 2008. He was discharged to Golden Living Center for rehabilitation, where one of his pressure sores subsequently became infected. He was transferred to a different hospital on October 21, 2008, and underwent debridement of the pressure sore, a Stage IV pressure ulcer to his right buttock/sacral area. Mr. Shelton alleged that he was required to use a wound VAC to assist with healing until May 13, 2009. He prayed that the defendants be held jointly and severally liable for damages for his pain and suffering, mental anguish, past and future medical expenses, permanency of the injuries, scars and disfigurement, and past and future caretaking expenses. He also prayed for punitive damages against the defendants. Clara Shelton prayed for damages for past and future loss of consortium and companionship.

Appellants answered and affirmatively pled entitlement to relief and all defenses under the Arkansas Uniform Contribution Among Tortfeasors Act (UCATA), Ark. Code Ann. § 16-61-202 et seq., and the Arkansas Civil Justice Reform Act (CJRA), Ark.Code Ann. § 16-55-201 et seq. Appellants further sought an assessment of percentages of fault between all parties and nonparties at the time of trial under Ark.Code Ann. § 16-55-202.

Appellees and Golden Living agreed to a settlement, and an order dismissing them

1. Other named appellants in this appeal are First Initiatives Insurance Company, GGNSC Administrative Services, LLC, and Golden Ventures.

2. The other defendants named in appellants' third-party complaint are GGNSC Equity Holdings LLC; Golden Gate National Senior Care LLC d/b/a Golden Living; GGNSC Administrative Services LLC d/b/a Golden Ventures; Golden Gate Ancillary LLC d/b/a Golden Innovations; GGNSC Holdings LLC d/b/a Golden Horizons; GPH North Little Rock LLC; and GGNSC Clinical Services LLC d/b/a Golden Clinical Services.

from the suit with prejudice was entered by the circuit court on August 29, 2011. The next day, appellants filed a cross-claim against Golden Living, and a third-party complaint was filed by appellants against Golden Living on September 15, 2011. Both the cross-claim and the third-party complaint prayed that the fault, if any, of Golden Living be apportioned by the trier of fact and that, pursuant to the UCATA and the CJRA, appellants receive either a credit for the amount of the settlement or a reduction in any potential verdict by the percentage of fault allocated to Golden Living.

Golden Living answered and asserted that it had been dismissed from the action and that if, and to what extent, appellants were allowed any benefits for the settlement was governed by the UCATA. On September 26, 2011, appellees then filed motions to strike the cross-claim and third-party complaint, in which they alleged that (1) the cross-claim was filed after Golden Living was dismissed from the action and thus, it was an impermissible cross-claim against a nonparty; (2) the third-party complaint was procedurally barred because appellants failed to obtain leave of the court to file the complaint in violation of Ark. R. Civ. P. 14(a); (3) appellants and Golden Living were not alleged to be joint tortfeasors by appellees and therefore there is no viable claim by appellants against Golden Living under the UCATA; and (4) even if appellants and Golden Living were considered to be joint tortfeasors, the CJRA abolished joint and several liability in Arkansas and there is thus no longer a claim for contribution under the UCATA. Appellees also filed an amended complaint against appellants on October 12, 2011.

Following appellants' responses to the motions to strike, as well as appellees' replies to the responses, the circuit court held a hearing on the motions on November 30, 2011. The court then issued a letter order to the parties indicating that it was going to grant appellees' motions to strike, and appellants filed a motion for findings of fact and conclusions of law. After a second hearing was held on this motion, the court entered its order on March 15, 2012, striking appellants' cross-claim and third-party complaint. The court stated in its order that the third-party complaint should be struck based on the following reasons: (1) appellants did not have a cause of action and/or failed to state a claim under either the UCATA or the CJRA; (2) the court failed to find that Golden Living was an indispensable party; (3) the court declined to utilize Ark. R. Civ. P. 81 to create a new procedure by which appellants could bring in Golden Living, including refusing to adopt the procedures set out under the CJRA. The circuit court stated that it was not granting the motion to strike the complaint based on any procedural issues, such as appellants' failure to request leave to file the third-party complaint. Appellants filed a timely notice of appeal from the order to strike on March 27, 2012.

The sole issue on appeal is whether the circuit court erred in striking appellants' third-party complaint against Golden Living. As the circuit court's order here was essentially a grant of a motion to dismiss for failure to state a claim under Ark. R. Civ. P. 12(b)(6), our standard of review is whether the trial court abused its discretion in dismissing the complaint. *Born v. Hosto & Buchan,* 2010 Ark. 292, 372 S.W.3d 324. In making this determination, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Id.* Also, all reasonable inferences must be resolved in favor of the complaint, and

the pleadings are to be liberally construed. *Id.*

■ Appellants contend that the circuit court erred in striking their third-party complaint because they are entitled, whether under the CJRA or the UCATA, to have the jury apportion the fault of all potentially responsible parties, including that of Golden Living, who appellants allege is a joint tortfeasor in this action. Appellees assert, as they argued in their motion to strike, that appellants do not have a cause of action against Golden Living subsequent to the enactment of the CJRA.

Under the Civil Justice Reform Act of 2003, our state legislature modified the doctrine of joint and several liability, providing that in actions for personal injury, the liability of each defendant for damages is several only. Arkansas Code Annotated section 16–55–201 (Repl.2005) states that

(a) In any action for personal injury, medical injury, property damage, or wrongful death, the liability of each defendant for compensatory or punitive damages shall be several only and shall not be joint.

(b)(1) Each defendant shall be liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault.

(2) A separate several judgment shall be rendered against the defendant for that amount.

(c)(1) To determine the amount of judgment to be entered against each defendant, the court shall multiply the total amount of damages recoverable by the plaintiff with regard to each defendant by the percentage of each defendant's fault.

(2) That amount shall be the maximum recoverable against that defendant.

The legislature also included a provision in the CJRA under which the fact-finder was instructed to allocate the percentage of fault between both parties and nonparties so as to determine the amount of a named party's several liability. Ark.Code Ann. § 16–55–202 (Repl.2005).

In *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, 308 S.W.3d 135, however, we held that the procedure in section 16–55–202 is unconstitutional, as it violates the separation of powers under article 4, § 2 of the Arkansas Constitution and invades this court's authority to establish the rules of pleading, practice, and procedure pursuant to amendment 80, § 3 of our constitution. We distinguished the procedure set forth in section 16–55–202 from section 16–55–201, which defined the right of a party and was substantive rather than procedural in nature. In another recent case, *ProAssurance Indent. Co., Inc. v. Metheny*, 2012 Ark. 461, 425 S.W.3d 689, we affirmed the trial court's refusal to give the appellant's proffered nonmodel jury instructions, which would have required the jury to allocate fault to nonparties who had settled prior to trial. In response to the appellant's argument that Ark.Code Ann. § 16–55–201 created a substantive right with regard to allocation of liability, we stated that we did not interpret our holding in *Johnson* that broadly. *Id.*

To the extent that appellants are asserting a claim or cause of action against Golden Living under Ark.Code Ann. § 16–55–201 of the CJRA, we do not find merit to this contention. In *Metheny*, we declined to hold that a defendant is vested with a substantive right of allocation of liability to a nonparty under section 16–55–201, noting that the statute plainly provides that liability is to be apportioned only with regard to "each defendant" and that appellant was the only defendant in

the case. *Id.* at 15, 425 S.W.3d at 770. We further note that Ark.Code Ann. § 16–55–217 (Repl.2005) expressly states that sections 16–55–201 et seq. do *not* create a cause of action.

■ Appellants also contend that the CJRA did not expressly, or by implication, repeal their right of contribution under the UCATA. Under the Uniform Contribution among ⌐Tortfeasors Act, contained in Ark.Code Ann. § 16–61–202 et seq., the right of contribution exists among joint tortfeasors. "Joint tortfeasors" is defined as two or more persons jointly or severally liable in tort for the same injury. Ark. Code Ann. § 16–61–201 (Repl.2005). Thus, a defendant seeking contribution in a tort action may join a third-party defendant who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant. Ark. R. Civ. P. 14(a); Ark.Code Ann. § 16–61–207 (Repl. 2005).

Appellees first respond that appellants have no right of contribution against Golden Living under the UCATA because it is not a joint tortfeasor. Appellees contend that the injuries alleged in their original complaint against appellants and Golden Living were separate, distinct, and sustained at different points in time, and are therefore not the "same injury." We find it unnecessary to address this contention, however, because even assuming that appellants and Golden Living are responsible for causing the same injury to Mr. Shelton, they do not meet the definition of joint tortfeasors under the UCATA for a different reason.

According to Ark.Code Ann. § 16–61–201, "joint tortfeasors" are those who are "jointly or severally liable" for the same injury. While appellants argue that the use of the disjunctive in this statute indicates that the UCATA still applies even after the CJRA abolished "joint and several liability" in favor of "several" liability, we reject this argument on the basis that the phrase "joint and several liability" had an entirely different meaning at common law. *See, e.g.,* James Bruce McMath, *The Arkansas Civil Reform Act of 2003 and Johnson v. Rockwell Automation, Inc.,* 46–Fall Ark.' Law 14 (2011); Richard W. Wright, *The Logic & Fairness of Joint and Several Liability,* 23 Mem. St. L.Rev. 45, 70 (1993). While the ⌐typical modern understanding of the word "several," as it is used in the CJRA, is that tortfeasors are liable for only a proportion of the harm, at common law, "several" actually referred to the fact that each joint tortfeasor was severally (or separately) liable for all of the damages caused to the plaintiff. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 46, at 322–23, § 47, at 324–29 (5th ed.1984). Further, the word "joint" refers to a procedural modification of the common-law rule under which multiple tortfeasors could not be joined in one action unless they were acting in concert. *Id.* The fact that the legislature intended the phrase "joint or several liability" in the UCATA to have the original, common-law meaning is made clear in Ark.Code Ann. § 16–61–202(4) (Repl.2005), which states that although the relative degrees of fault of joint tortfeasors shall be considered for the purposes of contribution between themselves, each tortfeasor remains "severally liable to the injured person for the whole injury as at common law." Thus, subsequent to the enactment of the CJRA, under which there is several (or proportional) liability only, appellants and Golden Living are not considered to be joint tortfeasors and do not have an express right of contribution under the UCATA.[3]

3. As appellees contend, it is generally under-

stood that there is no longer a need for contri-

▮ ₉Appellants cite *Reed v. Malone's Mechanical, Inc.*, 854 F.Supp.2d 636 (2012), in support of their argument that the right of contribution under the UCATA was not abrogated by the passage of the CJRA. In *Reed,* the federal court applied Arkansas law and concluded that the CJRA's abolition of joint and several liability did not extinguish a defendant's right to contribution from other tortfeasors under the UCATA. *Id.* While this court is not bound by a federal court's interpretation of our state law, *Larry Hobbs Farm Equip., Inc. v. CNH Am., LLC,* 375 Ark. 379, 291 S.W.3d 190 (2009), we further note that the court in *Reed* makes the same mistake discussed above with regard to misconstruing the phrase "jointly or severally liable," and we do not find it to be persuasive for this reason.

Because we agree with the circuit court that appellants did not have a claim or cause of action against Golden Living under the facts of this case, appellants' argument that they were entitled to file their third-party complaint under Ark. R. Civ. P. 14 (2012) is also without merit. According to Rule 14(a), at any time after commencement of an action, a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. This rule is typically used to assert a right of contribu-

tion or indemnity under the UCATA, and because we find that appellants did not have a right of contribution against Golden Living in this case, we also find that appellants' third-party complaint was not authorized under this rule. *See* Scott M. Strauss, *The Arkansas Several* ₁₀*Liability "Catch 22",* 46–Fall Ark. Law 10, 13 (stating that such a third-party complaint is subject to being dismissed for failure to state a claim under Ark. R. Civ. P. 12(b)(6)).

▮ Appellants also contend that their third-party claim against Golden Living could be authorized under Ark. R. Civ. P. 13(g), 19, or 20(a). We do not address appellants' arguments relating to Ark. R. Civ. P. 13 and 20, as the record does not reflect that they were raised to, or ruled upon, by the circuit court, and we will not consider arguments that are not preserved for appellate review. *Bell v. Misenheimer,* 2009 Ark. 222, 308 S.W.3d 120. Appellants did, however, argue that the circuit court should declare Golden Living to be an indispensable party under Ark. R. Civ. P. 19 (2012). Although appellants, as well as the circuit court, referred only to whether Golden Living was an indispensable party, there is no assertion in this case that Golden Living was not subject to service of process, and they would therefore more properly be analyzed as a necessary party under Ark. R. Civ. P. 19(a). Under Rule 19(a),

bution between tortfeasors under a several-liability scheme, as each tortfeasor's fault is to be assessed separately, and therefore no defendant can be held liable for more than his share of fault. Ark.Code Ann. § 16–55–201; Joseph Falasco, *Negotiating Arkansas's Law of Several Liability,* 46–Fall Ark. Law 22, 25. We note that there are limited exceptions, such as where a judgment against one of the defendants is shown by the trial court not to be reasonably collectible, where the CJRA does allow for a right of contribution between the defendant who has paid more than his

several share and the defendant whose share was determined to be not reasonably collectible. Ark.Code Ann. § 16–55–203 (Repl. 2005). There also remain certain situations under the CJRA where tortfeasors will still be held jointly and severally liable, such as where both parties were acting in concert or an agent/servant relationship exists, and presumably the right of contribution under the UCATA would still be viable in these situations. *See* Ark.Code Ann. § 16–55–205 (Repl. 2005).

[a] person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or, (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, or, (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party. If he should join as a plaintiff, but refuses to do so, he may be made a defendant; or, in a proper case, an involuntary plaintiff.

Under joint and several liability, joint tortfeasors are not considered to be necessary or indispensable parties, as all potential tortfeasors are not required to be named as defendants in a single lawsuit. *Temple v. Synthes Corp.*, 498 U.S. 5, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302 (8th Cir. 2009). We find that under the CJRA, this rationale is even more applicable, given that the intention of several liability is to hold each defendant liable only for his or her share of fault. As the circuit court stated at the hearing, the presence of Golden Living is not indispensable to the determination of appellants' separate liability under the CJRA, which appellees will still have the burden to prove. Thus, the circuit court did not err in finding that Golden Living was not a necessary or indispensable party under Rule 19.

Finally, appellants contend that the circuit court was free to create its own procedure under Ark. R. Civ. P. 81(c) (2012), which states that when no procedure is specifically prescribed by the rules, the court shall proceed in any lawful manner not inconsistent with the Constitution of this state, these rules, or any applicable statute. Appellants argue that the circuit court was therefore free to implement its own procedure to carry out the fault apportionment contained in Ark.Code Ann. § 16–55–201, such as that contained in Ark.Code Ann. § 16–55–202, which was struck down by this court as being in violation of our constitution's separation-of-powers provision. The circuit court declined to utilize Rule 81(c) in such a manner, however, and this was proper in light of this court's recent holding in *Metheny, supra*, where we affirmed the trial court's refusal to instruct the jury as to the potential fault of nonparties.

Because we agree with the circuit court that appellants did not have a claim or cause of action against Golden Living, we hold that the circuit court did not abuse its discretion in striking appellants' third-party complaint. With regard to appellants' argument that they may potentially be held liable for more than their share of fault if Golden Living is not a party at trial, we note that the dismissal of appellants' third-party complaint does not prevent appellants from presenting to the jury potential evidence of Golden Living's responsibility for a portion of Mr. Shelton's injuries. We therefore affirm.

Affirmed.

BAKER and HART, JJ., dissent in part and concur in part.

DANIELSON J., dissents.

JOSEPHINE LINKER HART, Justice, dissenting in part and concurring in part.

In the Civil Justice Reform Act, the legislature said that all fault had to be apportioned. In *ProAssurance Indemnity Company, Inc. v. Metheny*, 2012 Ark. 461, 425 S.W.3d 689, we said that you could not

get a jury instruction to apportion fault to a joint tortfeasor who has settled unless he was made a party. Today we are saying that a joint tortfeasor who has settled cannot be made a party. This holding is yet another hurdle to achieving the just result of a responsible party being only required to pay their fair share of damages.

The majority has wrongly rejected St. Vincent's contention that it and Golden Living are joint tortfeasors. Just because joint and several liability has been abolished, it does not follow that there are no longer joint tortfeasors. As the majority notes, Arkansas's Uniform Contribution Among Tortfeasors Act (UCATA), uses as its definition, "two or more persons jointly or severally liable in tort for the same injury to person or property." Ark.Code Ann. § 16–61–201 (Repl.2005). However, the concept of joint tortfeasors arose from the reality joint legal responsibility, not from a statutory definition. *See, e.g., Van Troop v. Dew,* 150 Ark. 560, 234 S.W. 992 (1921) (holding the combined acts of separate tortfeasors imposed "joint liability"). *Van Troop* predated Arkansas's adoption of UCATA by two decades. 1941 Ark. Acts 315.

St. Vincent and Golden Living *are* joint tortfeasors. St. Vincent's alleged negligence in allowing Mr. Shelton to get a bedsore and Golden Living's admitted negligence in allowing the bedsore to get infected combined to produce Mr. Shelton's injury. I contend that the case of *Applegate v. Riggall,* 229 Ark. 773, 318 S.W.2d 596 (1958), which the appellant cites and the majority fails to discuss, is directly on point. Dr. Applegate, while attempting to remove a patient's left ovary, negligently cut the patient's left ureter. Subsequently, Dr. Riggall entered the case and negligently removed the patient's left kidney. On appeal, this court reversed the dismiss-

al of a third-party complaint against Dr. Riggall, holding that Doctors Applegate and Riggall were joint tortfeasors. The *Applegate* court stated that the two doctors were joint tortfeasors and thus potentially liable to each other for contribution because their independent acts caused or contributed to the same injury. 229 Ark. at 776, 318 S.W.2d at 598. This is precisely the situation we have before us. St. Vincent is being sued by the Sheltons because Mr. Shelton's bedsores allegedly originated as a the result of St. Vincent's negligence. Subsequently, the negligence of Golden Living caused one of the bedsores to become severely infected. The Sheltons are seeking damages for the combined harm caused to him by that bedsore, including pain and suffering and future medical expenses.

There is no question that the right of contribution among joint tortfeasors is established by the UCATA. *Heinemann v. Hallum,* 365 Ark. 600, 232 S.W.3d 420 (2006). For the foregoing reasons, I respectfully dissent.

I do, however, concur in the majority's holding that the dismissal of the third-party complaint does not prevent St. Vincent from presenting to the jury evidence of Golden Living's responsibility for a portion of Mr. Shelton's injuries. *Metheny, supra,* stands only for the proposition that a defendant is not entitled to a jury instruction seeking to apportion fault to a nonparty. The fact that a settlement has been reached with Golden Living and the amount thereof is admissible at trial. *Ark. Kraft Corp. v. Johnson,* 257 Ark. 629, 635, 519 S.W.2d 74, 78 (1975).

BAKER, J., joins.

PAUL E. DANIELSON, Justice, dissenting.

I write to acknowledge the problem that has been created in cases such as this in

which there are multiple tortfeasors, but each is not a party to the case. I now realize that I should have done so in *ProAssurance Indemnity Co., Inc. v. Metheny*, 2012 Ark. 461, 425 S.W.3d 689.

While this court has not rejected the idea of an empty-chair defense, we did hold the statute providing the procedure for assessing nonparty fault unconstitutional because it violated the separation of powers. *See Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, 308 S.W.3d 135. However, we held that the law modifying joint and several liability, found in section 16–55–201, clearly defines the right of a party and is, therefore, substantive.

Section 16–55–201 provides:

(a) In any action for personal injury, medical injury, property damage, or wrongful death, the liability of each defendant for compensatory or punitive damages shall be several only and shall not be joint.

(b)(1) Each defendant shall be liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault.

(2) A separate several judgment shall be rendered against that defendant for that amount.

(c)(1) To determine the amount of judgment to be entered against each defendant, the court shall multiply the total amount of damages recoverable by the plaintiff with regard to each defendant by the percentage of each defendant's fault.

(2) That amount shall be the maximum recoverable against that defendant.

Ark.Code Ann. § 16–55–201 (Repl.2005). For a case in which all tortfeasors are parties, then a defendant's right to only be held liable for the amount of damages specifically allocated to them is not a prob-lem. However, there is no mechanism for doing so in cases in which other tortfeasors settle or are not otherwise proper parties.

This court in *Metheny* held that a nonparty could not be put on the verdict form for the purpose of allocation. *See Metheny*, 2012 Ark. 461, 425 S.W.3d 689. However, we went too far by holding that section 16–55–201 simply does not apply to a case in which there is only one defendant. This is an absurd result because in a case where there are multiple tortfeasors, several liability would apply to a defendant when the plaintiff chooses to sue all the tortfeasors together *and if* the other tortfeasors do not settle. Moreover, we came to that conclusion simply because the statute used the words "each defendant." Reading the statute as a whole, it is clear that each defendant means each defendant, whether there be one or many. Each defendant is each and every defendant, any defendant.

In the instant case, St. Vincent had a right, regardless of the fact that Golden Living had already settled and been dismissed, to be held liable only for the amount of damages allocated to it in direct proportion to its percentage of fault. Cases such as this are complex in that while St. Vincent and Golden Living are not "joint tortfeasors" in the classic sense of acting in concert, the nature of the damage done and the relief being sought—pain and suffering, mental anguish, past and future medical expenses, permanency of injuries, scars and disfigurement, and past and future caretaking expenses—are such that it is impossible to allocate the responsibility of each tortfeasor separately.

It has become evident to me that while our current rules of practice and procedure are sufficient in the majority of cases, they are not sufficient for all—especially

with joint and several liability having been abolished. Attempting to solve this problem on a case by case basis will only create a larger one. Therefore, rules must be established for the bench and the bar faced with this dilemma. I would immediately refer this matter to the Supreme Court Committee on Civil Practice for consideration and request that proposals be made as soon as possible.

Since there was not a rule in place to carry out the fault apportionment required in the instant case, the circuit court should have utilized its authority under Ark. R. Civ. P. 81(c) to create its own procedure and found that, given the circumstances in this type of case, Golden Living was indeed a necessary party under Ark. R. Civ. P. 19(a) for purposes of allocation only.

It is for these reasons that I dissent.