
SLIP OPINION

Cite as 2014 Ark. App. 210

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-894

FREDDY McDOUGAL and LINDA McDOUGAL

APPELLANTS

V.

SABINE RIVER LAND COMPANY, a Texas Corporation, and XTO ENERGY, INC., a Texas Corporation

APPELLEES

**Opinion Delivered** April 2, 2014

APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT
[No. CV-2011-127-4]

HONORABLE TIM WEAVER, JUDGE

DISMISSED

## LARRY D. VAUGHT, Judge

Appellants Linda and Freddy McDougal appeal from the order entered by the Independence County Circuit Court granting the motions to dismiss filed by appellees Sabine River Land Company (SRLC) and XTO Energy, Inc. Because the order did not dispose of a counterclaim filed by XTO, the order is not final. Accordingly, we must dismiss the appeal.

In May 2013, the McDougals filed a complaint for declaratory relief against SRLC and XTO. In the complaint, the McDougals alleged that on or about January 11, 2005, they and SRLC entered into an oil and gas lease (first lease) of their real property located in Independence County. The McDougals believed that the lease had a five-year term; however, the lease actually had a ten-year term. The complaint further alleged that SRLC later advised the McDougals that the first lease was invalid because Ruby McDougal owned a life estate in the realty subject to the lease. On or about March 29, 2005, Ruby McDougal conveyed her interest in the subject property to the McDougals. On March 30, 2005, the McDougals signed a second oil and gas

lease (second lease) provided to them by SRLC. The second lease had a five-year term. A year later, on or about March 31, 2006, SRLC assigned its interest in the first lease to XTO, and XTO recorded the assignment on April 6, 2006.

The McDougals' complaint alleged that in 2010, when they believed the second lease was near expiration, they contacted XTO to inquire whether it planned to renew the lease. At that time XTO informed the McDougals that they were assigned the first lease, that it was valid, and that it had a ten-year term. In response, the McDougals, relying on the validity of the second lease, filed the complaint for declaratory judgment, requesting the trial court to determine which lease was valid.

On August 22, 2011, XTO filed a motion for summary judgment arguing that as a matter of law it was the bona fide purchaser because (1) it had no notice or knowledge of the second lease at the time it purchased the first lease from SRLC, and (2) its assignment of the first lease was recorded first. XTO also filed a counterclaim on August 22, 2011, alleging that the McDougals breached their warranty to defend title and seeking monetary damages for that breach. XTO further requested declaratory relief, declaring it to be relieved of all obligations to explore or develop the leased premises, entitling it to suspend all royalties or other payments to the McDougals until the matter was resolved, and entitling it to an automatic extension of the lease for a period equal to the duration of the litigation.

On August 29, 2011, the McDougals filed an amended complaint for declaratory judgment and, in the alternative, a complaint for breach of contract against SRLC. The new breach-of-contract allegation was that SRLC knowingly assigned the first lease to XTO when

SLIP OPINION

it (SRLC) knew the lease was invalid. Both SRLC and XTO moved to dismiss the McDougals' amended complaint, arguing that it was barred by the five-year statute of limitations set forth in Arkansas Code Annotated section 16-56-111 (Repl. 2005).

After a hearing, the trial court entered an order granting the motions to dismiss of SRLC and XTO. It found that the McDougals' cause of action for breach of contract accrued when the McDougals "first could have maintained an action to a successful conclusion," which the trial court found was "the date they knew of the conflicting terms [in the leases], which would have been the date they signed the second lease on March 30, 2005." Finding that the McDougals' May 13, 2011 complaint for declaratory relief was filed beyond the five-year statute-of-limitation period, the trial court found their causes of action were barred as a matter of law. Accordingly, the trial court dismissed both the complaint and amended complaint. The McDougals timely appealed.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree from the trial court. If a suit has more than one claim for relief or more than one party, an order or judgment adjudicating fewer than all claims and all parties is neither final nor appealable. Ark. R. Civ. P. 54(b)(2) (2013). When the order appealed from is not final, we have no jurisdiction to decide the merits. *Carroll v. Carroll*, 2013 Ark. App. 286, at 2.

On the present record, XTO's counterclaim for damages resulting from the McDougals' alleged breach of warranty and for declaratory relief against the McDougals was never adjudicated. Thus, the order now being challenged is not final. *Jenkins v. APS Ins., LLC*, 2012

Ark. App. 368, at 4. And while the McDougals stated in their notice of appeal that they "abandon any pending but [sic] unresolved claim," this statement does not provide finality because the McDougals cannot abandon XTO's claims, only their own. *Id.* at 5.

The trial court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Ark. R. Civ. P. 54(b)(1); however, no such certification was made in this case. We, therefore, must dismiss the appeal. *Jenkins*, 2012 Ark. App. 368, at 5 (citing *State Farm Mut. Auto. Ins. Co. v. Thomas*, 312 Ark. 429, 850 S.W.2d 4 (1993); *Spill Responders, Inc. v. Felts*, 2009 Ark. App. 669). Dismissal is without prejudice to refile the appeal upon entry of a final order and the filing of a timely notice of appeal therefrom.

Appeal dismissed.

PITTMAN and GLOVER, JJ., agree.

*Randall W. Henley*, for appellants.

*Millar Jiles, LLP*, by: *G. Michael Millar*; and *Hardin, Jesson & Terry, PLC*, by: *Robert M. Honea*, for appellees.