

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-14-1087

| | |
|---|---|
| | **Opinion Delivered** April 29, 2015 |
| FREDDY MCDOUGAL and LINDA MCDOUGAL<br>APPELLANTS | APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT<br>[No. CV-2011-127-4] |
| V. | HONORABLE TIM WEAVER, JUDGE |
| SABINE RIVER LAND COMPANY, a Texas corporation and XTO ENERGY, INC., a Texas corporation<br>APPELLEES | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellants Linda and Freddy McDougal appeal from the order entered by the Independence County Circuit Court granting the motions to dismiss filed by appellees Sabine River Land Company (SRLC) and XTO Energy, Inc. (XTO). We affirm.

In May 2013, the McDougals filed a complaint for declaratory relief against SRLC and XTO. In the complaint, the McDougals alleged that on or about January 11, 2005, they and SRLC entered into an oil and gas lease (first lease) of their real property located in Independence County. The McDougals' complaint stated that they originally believed that the lease had a five-year term, although it actually had a ten-year term. The complaint further alleged that SRLC advised the McDougals that the first lease was invalid after it discovered that a third party, Ruby McDougal, owned a life estate in the property. On or about March 29, 2005, Ruby McDougal conveyed her interest to the McDougals, and on March 30, 2005,

the McDougals signed a second oil and gas lease (second lease) provided to them by SRLC. The second lease had a five-year term. A year later, on or about March 31, 2006, SRLC assigned its interest in the first lease to XTO, and XTO recorded the assignment on April 6, 2006.

The McDougals' complaint alleged that in 2010, when they believed the second lease was near expiration, they contacted XTO to inquire whether it planned to renew the lease. At that time XTO informed the McDougals that it had been assigned the first lease, that the first lease was valid, and that it had a ten-year term. In response, the McDougals, relying on the validity of the second lease, filed the complaint for declaratory judgment, requesting that the circuit court determine which lease was valid.

On August 22, 2011, XTO filed a motion for summary judgment arguing that as a matter of law it was the bona fide purchaser because (1) it had no notice or knowledge of the second lease at the time it purchased the first lease from SRLC, and (2) its assignment of the first lease was recorded first. XTO also filed a counterclaim on August 22, 2011, alleging that the McDougals breached their warranty to defend title and seeking monetary damages for that breach. XTO further requested declaratory relief, declaring it to be relieved of all obligations to explore or develop the leased premises, entitling it to suspend all royalties or other payments to the McDougals until the matter was resolved, and to an automatic extension of the lease for a period equal to the duration of the litigation.

On August 29, 2011, the McDougals filed an amended complaint for declaratory judgment and, in the alternative, a complaint for breach of contract against SRLC. The new breach-of-contract allegation was that SRLC knowingly assigned the first lease to XTO when

it (SRLC) knew the lease was invalid. Both SRLC and XTO moved to dismiss the McDougals' amended complaint, arguing that it was barred by the five-year statute of limitations set forth in Arkansas Code Annotated section 16-56-111 (Repl. 2005).

After a hearing, the trial court entered an order granting the motions to dismiss of SRLC and XTO. It found that the McDougals' cause of action for breach of contract accrued when they "first could have maintained an action to a successful conclusion," which the trial court found was "the date they knew of the conflicting terms [in the leases], which would have been the date they signed the second lease on March 30, 2005." Finding that the McDougals' May 13, 2011 complaint for declaratory relief was filed beyond the five-year statute-of-limitations period, the trial court found their causes of action were barred as a matter of law. The circuit court dismissed the McDougals' claims, and the McDougals timely appealed.

In a previous opinion, *McDougal v. Sabine River Land Co.*, 2014 Ark. App. 210, this court dismissed the McDougals' appeal without prejudice for lack of a final order because the circuit court's order had not disposed of XTO's counterclaims. The circuit court subsequently entered a new "Final Judgment" that repeated its previous finding that the McDougals' claims were barred by the statute of limitations and again granted appellees' motions to dismiss. The new order contains a Rule 54(b) certificate stating that XTO's counterclaims are now moot, unless this court reverses the dismissal of the McDougals' complaint. Therefore, the circuit court found that there was no just reason for delay of this appeal based upon the unresolved counterclaims.

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Deer/Mt. Judea Sch. Dist. v. Kimbrell*, 2013 Ark. 393, at 11, 430 S.W.3d 29, 39. In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Baptist Health v. Murphy*, 2010 Ark. 358, 373 S.W.3d 269. Our standard of review for the granting of a motion to dismiss under Rule 12(b)(6) is whether the circuit judge abused his or her discretion. *St. Vincent Infirmary Med. Ctr. v. Shelton*, 2013 Ark. 38, 425 S.W.3d 761.

The only issue on appeal is whether the circuit court abused its discretion in dismissing the McDougals' complaint based upon the expiration of the statute of limitations. The circuit court found that the five-year statute of limitations for contracts in writing codified at Arkansas Code Annotated section 16-56-111(a)[1] applied to the McDougals' declaratory-judgment action. On appeal, the McDougals argue that, because they were not alleging any breach of contract[2] or misrepresentation, there was no triggering event to cause the statute of limitations to begin to run. The McDougals also argue that the statutory period did not begin to run until they were made aware that the appellees intended to rely upon the

---

[1] The circuit court's order incorrectly stated that the applicable statute was found in section 15-56-111(a). The applicable statute of limitations is section 16-56-111(a).

[2] At the hearing, the McDougals' attorney stated that they did not claim any misrepresentation or breach of contract. On appeal, the McDougals acknowledge that their amended complaint raised a breach-of-contract claim but argue that it was pled "in the alternative," and that they were only seeking declaratory relief. The McDougals later state in their brief that "the [McDougals] do not argue or allege that either the first or second lease was breached by [SRLC or XTO]."

first lease rather than the second lease, which the McDougals say was not until they contacted XTO in 2010 to inquire about renewal.

First, we note that the McDougals cannot avoid application of the relevant statute of limitations by disavowing the underlying substantive legal claims upon which their declaratory-judgment action is based. The Arkansas Supreme Court has explained that declaratory judgment was unknown in the common law; it first became available in Arkansas by Act 274 of 1953, which conferred authority on the courts to hear declaratory-relief actions. *Martin v. Equitable Life Assur. Soc. of the U.S.*, 344 Ark. 177, 180, 40 S.W.3d 733, 736 (2001). Prior to that time, courts were not authorized to render declaratory judgments. *Christy v. Speer*, 210 Ark. 756, 197 S.W.2d 466 (1946). A declaratory judgment declares rights, status, and other legal relationships whether or not further relief is or could be claimed. Ark. Code Ann. § 16-111-103(a) (1997). However, declaratory-judgment actions are intended to supplement rather than supersede ordinary causes of action. *City of Cabot v. Morgan*, 228 Ark. 1084, 312 S.W.2d 333 (1958). "A declaratory-relief action is not a substitute for an ordinary cause of action. Rather it is dependent on and not available in the absence of a justiciable controversy." *Martin*, 344 Ark. at 180–82, 40 S.W.3d at 736–37 (quoting *Donovan v. Priest*, 326 Ark. 353, 931 S.W.2d 119 (1996)).

In *Martin*, the Arkansas Supreme Court noted that, although Martin argued that the statutory-limitations period should not apply to a declaratory-judgment action, "Martin has mistaken declaratory judgment for a cause of action. Statutes of limitation control when a cause of action may be pursued." *Martin*, 344 Ark. at 182, 40 S.W.3d at 737; *McEntire v. Malloy*, 288 Ark. 582, 707 S.W.2d 773 (1986). The court explained that, although Martin

erred in pleading this case as seeking declaratory judgment, the trial court properly treated it as if it were an ordinary civil case alleging misrepresentation. Therefore, in *Martin*, the trial court interpreted the declaratory-judgment action as possibly raising either a tort or contract cause of action and applied the longer of the two limitations periods. Our supreme court approved of this approach, stating that, where a party has erred in using the declaratory-judgment procedures, his case will still be reviewed. *Martin*, 344 Ark. at 181, 40 S.W.3d at 736.

In keeping with *Martin*, the circuit court treated the McDougals' complaint for declaratory relief as if it were raising a breach-of-contract issue and applied the relevant statute of limitations. The McDougals have attempted to distinguish *Martin* by arguing that they are not raising either a breach-of-contract or misrepresentation claim. This argument fails because it would leave the McDougals without any justiciable controversy upon which to base their declaratory-judgment action.[3] The Arkansas Supreme Court has repeatedly held that a declaratory-judgment action is available only where the case involves a present justiciable controversy in which a claim of right is asserted against one who has an interest in contesting it. *Martin*, 344 Ark. at 182, 40 S.W.3d at 737; *Andres v. First Ark. Dev. Fin. Corp.*, 230 Ark. 594, 324 S.W.2d 97 (1959). Therefore, in accordance with *Martin*, we find that the circuit court appropriately treated the McDougals' claim as raising contract-enforcement issues and applied the relevant statutory period.

---

[3]This is not to say that the facts as presented fail to rise to the level of a justiciable controversy. We simply note that a party may not avoid the application of a relevant statute of limitations by disavowing all relevant underlying legal theories for its declaratory-judgment action.

Arkansas Code Annotated section 16-56-111(a) provides for a five-year statute of limitations for all "actions to enforce written obligations, duties, or rights." The test for determining when a breach-of-contract action accrues is the point when the plaintiff could have first maintained the action to a successful conclusion. *Dupree v. Twin City Bank*, 300 Ark. 188, 777 S.W.2d 856 (1989); *Phillips v. Union Pac. R.R. Co.*, 89 Ark. App. 223, 226, 201 S.W.3d 439, 441 (2005). The circuit court found that the limitations period began to run when the parties knew or should have known of the existence of two competing leases with differing terms, which would have been at the time they signed the second lease. This analysis is reasonable, given the McDougals' insistence that there was no subsequent breach or misrepresentation to trigger the statute. The McDougals' own theory of the case was simply that two competing contracts existed, requiring the court to determine which of the two contracts was valid and controlling. The court reasoned that, under such a theory, the McDougals would have known about the existence of both contracts when they signed the second one, giving them all the necessary information to pursue their claim at that time.

The McDougals argue that, prior to becoming aware of the assignment of the first lease and XTO's intention to rely upon it, they had no reason to bring a cause of action. We affirm the dismissal of the McDougals' complaint because, even if we accept for the sake of argument that the statute of limitations did not begin to run until the McDougals were put on notice that appellees intended to rely upon the first lease, the McDougals' complaint was nevertheless time-barred. SRLC assigned the lease on March 31, 2006, and XTO recorded the assignment on April 6, 2006. Once a deed or other instrument indicating an interest in real estate is filed with the appropriate county clerk, it serves as "constructive notice to all

persons from the time the instrument is filed for record." Ark. Code Ann. § 14-15-404(a)(1). The Arkansas Supreme Court has succinctly described the rule in this way: where a man has sufficient information to lead him to a fact, he shall be deemed cognizant of it. *Waller v. Dansby*, 145 Ark. 306, 310, 224 S.W. 615, 617 (1920). Here, the McDougals had previous knowledge of the fact that they had executed two competing leases and were put on notice of the assignment of the first lease at the time it was recorded. Therefore, even under their theory that the statute of limitations did not begin to run until they were made aware of appellees' reliance on the first lease, the McDougals' claim was untimely because it was brought more than five years after the assignment was recorded.

Affirmed.

HOOFMAN and BROWN, JJ., agree.

*Randall W. Henley*, for appellants.

*Millar Jiles, LLP*, by: *G. Michael Millar*; and *Hardin, Jesson & Terry, PLC*, by: *Robert M. Honea*, for appellees.