SLIP OPINION

Cite as 2015 Ark. App. 325

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-1129

| | |
|---|---|
| MURL CALDWELL & SON, INC.; THE ESTATE OF CLIFFORD CALDWELL; PAT CALDWELL; AND EARL WOOD, JR. <br><br> APPELLANTS | **Opinion Delivered** May 20, 2015 <br><br> APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-09-1446-2] |
| V. | HONORABLE GARY ARNOLD, JUDGE |
| KATHLEEN PROCTOR <br> APPELLEE | DISMISSED WITHOUT PREJUDICE |

**RAYMOND R. ABRAMSON, Judge**

Murl Caldwell & Son, Inc.; the Estate of Clifford Caldwell; Pat Caldwell; and Earl Wood, Jr., appeal the grant of summary judgment by the Saline County Circuit Court in favor of Kathleen Proctor. On appeal, they argue that the circuit court erred in granting summary judgment on Proctor's claims for breach of contract, breach of warranty, strict liability, and rescission. They also argue that the circuit court erred in awarding Proctor prejudgment interest and attorney's fees. We dismiss for lack of a final order.

Clifford Caldwell, Pat Caldwell, and Earl Wood, Jr., owned Murl Caldwell & Son, Inc. ("Murl Caldwell"), a construction company. On January 18, 2007, Murl Caldwell entered into a contract with Proctor for the sale of a new home in Hot Springs, Arkansas. Proctor agreed to pay $295,000 for the property and took possession of the home in April 2007.

SLIP OPINION

After moving into the house, Proctor noticed problems with doors opening and closing and the molding and trim beginning to separate. She notified Earl, and he attempted to make repairs. However, those repairs were unsuccessful. On November 27, 2009, Carl Garner of Garner Engineering inspected the house. During his inspection, he found problems with the foundation as a result of "inadequate compaction of the boulder laden fill."

Following Garner's inspection, on December 21, 2009, Proctor filed suit against Murl Caldwell, Clifford, Pat, and Earl. She alleged that they had improperly constructed the house's foundation and brought claims for "the tort of negligence, breach of contract based on breach of implied warranty of habitability, breach of warranty of fitness for a particular purpose and proper construction, and on the basis of strict liability and res ipsa loquitor." On April 9, 2010, Proctor filed an amended complaint to add the Estate of Clifford Caldwell as a party because Clifford Caldwell had passed away following the filing of the original complaint. Proctor further alleged "all averments pled in the original complaint" and attached a copy of the real-estate contract, as well as Garner's inspection report. On May 3, 2010, the Estate of Caldwell and Pat filed a motion to dismiss and motion to quash service.[1] On that same day, Murl Caldwell and Earl filed an answer.

On October 1, 2012, Proctor filed a motion for summary judgment. Specifically, in her motion, Proctor stated that she moved for "summary judgment because she ha[d] proven [b]reach of [c]ontract, [b]reach of [i]mplied [w]arranty of [h]abitability and [f]itness, and

---

[1] The circuit court did not rule on Caldwell's Estate and Pat's motion to dismiss and motion to quash. Thus, pursuant to Ark. R. Civ. P. 12(a)(2) (2013), their time to answer never commenced.

SLIP OPINION

[s]trict [l]iability." She asked the circuit court to award her damages and to rescind the contract. Murl Caldwell, Caldwell's Estate, Pat, and Earl opposed the motion. On December 14, 2012, the circuit court held a hearing. Following the hearing, on December 31, 2013, Proctor submitted a brief on damages, which Murl Caldwell, the Estate of Caldwell, Pat, and Earl opposed. On September 14, 2014, the circuit court entered a written order granting Proctor's motion for summary judgment and for rescission. The court also awarded Proctor prejudgment interest and attorney's fees.

On September 22, 2014, Murl Caldwell, Caldwell's Estate, Pat, and Earl filed a motion to amend the order, and on October 3, 2014, they filed a notice of appeal. The court did not rule on their motion to amend the order. Thus, on November 12, 2014, they filed an amended notice of appeal concerning the deemed denial of their motion to amend the order. In their notices of appeal, they stated that "[d]efendants abandon any pending, but unresolved, claim for purposes of Rule 3(e)(vi) of the Arkansas Rules of Appellate Procedure–Civil."

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree from the trial court. If a suit has more than one claim for relief or more than one party, an order or judgment adjudicating fewer than all claims and all parties is neither final nor appealable. Ark. R. Civ. P. 54(b)(2) (2013). When the order appealed from is not final, we have no jurisdiction to decide the merits. *McDougal v. Sabine River Land Co.*, 2014 Ark. App. 210. In this case, Proctor's claim for negligence was never adjudicated. Thus, the order now being challenged is not final. While Murl Caldwell, Caldwell's Estate, Pat, and Earl state in their notices of appeal that they

"abandon any pending, but unresolved, claim for purposes of Rule 3(e)(vi) of the Arkansas Rules of Appellate Procedure–Civil," the statement does not provide finality because they cannot abandon Proctor's claims. *See McDougal*, 2014 Ark. App. 210. Accordingly, we do not have jurisdiction to decide the merits of the case, and we dismiss the appeal without prejudice.[2]

Dismissed without prejudice.

GLOVER and BROWN, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Donald H. Bacon* and *Martin A. Kasten*, for appellants.

*The Henry Firm, P.A.*, by: *Matthew Henry*, for appellee.

---

[2] We note that other claims may also be pending and that they might affect our jurisdiction to entertain this appeal.

4